**STATE OF LOUISIANA**      *      **NO. 2018-KA-0445**

**VERSUS**      *

     **COURT OF APPEAL**

**CLIFFORD WILLIAMS**      *

     **FOURTH CIRCUIT**

     *

     **STATE OF LOUISIANA**

     * * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 516-674, SECTION "J"
Honorable Darryl A. Derbigny, Judge
* * * * * *
**Judge Dale N. Atkins**
* * * * * *
ON REMAND FROM THE LOUISIANA SUPREME COURT

(Court composed of Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge Dale
N. Atkins)

Leon Cannizzaro
Donna Andrieu
Irena Zajickova
District Attorney
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

       COUNSEL FOR THE STATE OF LOUISIANA/APPELLEE

Autumn A. Town
LAW OFFICE OF AUTUMN TOWN, LLC
700 Camp Street
New Orleans, LA 70130

Graham L. Bosworth
LAW OFFICE OF GRAHAM BOSWORTH, LLC
700 Camp Street
New Orleans, LA 70130

       COUNSEL FOR DEFENDANT/APPELLANT

          **AFFIRMED**
          **DECEMBER 9, 2020**

*DNA*
*TFL*
*JCL*

This is a criminal appeal on remand from the Louisiana Supreme Court. The facts of this case—wherein the body of fifteen-year-old Ralphmon Green ("Victim") was found unresponsive with a gunshot wound in his head in the 2100 block of Allen Street in New Orleans—were set forth by this Court in *State of Louisiana v. Clifford Williams*, 2018-0445 (La. App. 4 Cir. 2/27/19), 265 So.3d 902. In consideration of the *per curiam* provided by the district court, after remand, and this Court's review of the jury's polling slips, Defendant's conviction and sentence are affirmed.

## PROCEDURAL BACKGROUND

On July 18, 2013, Defendant was indicted for the second degree murder of Victim. Defendant entered a plea of not guilty on July 26, 2013. Following a two-day trial, the jury returned a verdict finding Defendant guilty of second degree murder. The trial court subsequently sentenced Defendant to life imprisonment without the benefit of parole, probation, or suspension of sentence.

On appeal, Defendant asserted four assignments of error: (1) the evidence was insufficient to support his conviction for second degree murder; (2) that he was prevented from presenting a defense because the trial court precluded the

introduction of certain evidence; (3) that his rights under Fifth and Fourteenth Amendments of the United States Constitution were abridged by an incomplete record on appeal; and (4) that his sentence to life imprisonment without the benefit of parole, probation, or suspension of sentence was unconstitutionally excessive. This Court affirmed Defendant's conviction and sentence finding no merit to his assignment of errors. *Williams*, 2018-0445, p. 26, 265 So.3d at 921. Thereafter, Defendant sought review by the Louisiana Supreme Court. The Louisiana Supreme Court granted Defendant's writ of certiorari, but ultimately affirmed Defendant's conviction and sentence. *State v. Williams*, 2019-00490 (La. 4/3/20), ___ So.3d ___, 2020 WL 1671569.

## DISCUSSION

On April 20, 2020, the United States Supreme Court decided *Ramos v. Louisiana*, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), holding that non-unanimous jury verdicts in state felony prosecutions were unconstitutional.[1] This matter was

---

[1] In reaching its conclusion, the Supreme Court first reviewed the text of the Sixth Amendment that provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law." *Ramos*, 140 S.Ct. at 1395. The question to be resolved was what the term "trial by an impartial jury trial" meant at the time the Sixth Amendment was adopted. *Id.* The Court concluded: "[W]hether it's the common law, state practices in the founding era, or opinions and treatises written soon afterward – the answer is unmistakable. A jury must reach a unanimous verdict in order to convict." *Id.* Further, the Court noted it "repeatedly and over many years, recognized that the Sixth Amendment requires unanimity." *Id.* "In all, this Court has commented on the Sixth Amendment's unanimity requirement no fewer than [thirteen] times over more than 120 years." *Id.*

Continuing, the Supreme Court's next question addressed was whether the Sixth Amendment's requirement of unanimity applied equally to the States. This question was likewise resolved affirmatively:

> There can be no question either that the Sixth Amendment's unanimity requirement applies to state and federal criminal trials equally. This Court has long explained that the Sixth Amendment right to a jury trial is "fundamental to the American scheme of justice" and incorporated against the States under the Fourteenth Amendment. This Court has long explained, too, that incorporated provisions of the Bill of Rights bear the same content when asserted against States

2

pending direct review when *Ramos* was decided. Thus, on July 9, 2020, the Louisiana Supreme Court granted Defendant's rehearing application "in response to defendant's newly raised assertion [that] the jury's verdict was not unanimous." *State of Louisiana v. Clifford Williams*, 2019-00490, p. 1 (La. 7/9/20), ___ So.3d ___, 2020 WL3867126 (Mem). The Louisiana Supreme Court remanded the matter for this Court to conduct a new error patent review pursuant to the United States Supreme Court's ruling in *Ramos*. *Id.* In particular, the Louisiana Supreme Court held:

> The matter is remanded to the court of appeal for further proceedings and to conduct a new error patent review in light of *Ramos v. Louisiana*, 590 U.S.____, 140 S.Ct. 1390,____L.Ed.2d____(2020). If the non-unanimous jury claim was not preserved for review in the trial court or was abandoned during any stage of the proceedings, the court of appeal should nonetheless consider the issue as part of its error patent review. *See* La. C.Cr.P. art. 920(2).

*Id.*

However, because the record was unclear as to the jury's verdict count, this Court ordered Defendant to file a supplemental brief addressing whether the jury's verdict was non-unanimous, and to supplement the record with the jury's polling slips. The record was not supplemented with the jury's polling slips, nor was the issue sufficiently briefed for this Court to determine the jury's verdict count. Thus, on October 29, 2020, this Court remanded the matter to the district court to conduct a review of the jury's verdict count and provide a *per curiam* addressing whether *Ramos* applied in this matter pursuant to the outcome of that review. *State of Louisiana v. Clifford Williams*, 2018-0445 (La. App. 4 Cir. 10/29/20), ___ So.3d

---

as they do when asserted against the federal government. So if the Sixth Amendment's right to a jury trial requires a unanimous verdict to support a conviction in federal court, it requires no less in state court.

*Id.*, 140 S.Ct. at 1397 (footnotes omitted).

___, 2020 WL 6373352, at *4. On remand, the district court issued its *per curiam* on November 19, 2020, providing that:

> On or about October 1, 2020, the District Court was furnished with the file and sealed records in question and, pursuant to *Ramos*, made its new error patent review of the jury polling slips therein. That review revealed the jury verdict to be unanimous in nature. Given the clear and unanimous nature of the jury verdict against Defendant, the District Court finds that the holding in *Ramos v. Louisiana* does not apply to this matter.

In addition to the *per curiam,* the district court produced the jury's polling slips. This Court's review of the jury's polling slips reveals that the jury's verdict was, in fact, unanimous. Additionally, on November 24, 2020, Defendant's counsel issued a letter to this Court stating that their review of the jury's polling slips revealed that the jury's verdict was unanimous.[2]

In *State v. Johnson,* 2018-0409 (La. App. 4 Cir. 6/17/20), 302 So.3d 142, this Court decided the proper course of action when a defendant's conviction was determined by a unanimous jury pursuant to *Ramos*. *Johnson* was remanded to this Court by the United States Supreme Court in light of *Ramos*.[3] *Johnson*, 2018-0409, pp. 3-4, 302 So.3d at 143-44. On remand, this Court conducted a review and determined that defendant was convicted of obstruction of justice by a unanimous jury. *Ramos* specifically determined that non-unanimous jury verdicts in state felony prosecutions were unconstitutional. *Ramos*, 140 S.Ct. at 1397. Thus, this Court concluded that *Ramos* did not apply as to the defendant's obstruction of

---

[2] In the letter, Defendant's counsel explained that, because the jury's polling slips were only unsealed for them to review, they did not possess copies of the jury's polling slips, nor could they provide certification to this Court.

[3] Judge Regina Bartholomew-Woods concurred in the result.

justice conviction by unanimous jury verdict, and did not disturb that conviction and the respective sentence.[4] *Id.*, p. 4, 302 So.3d at 144.

In the instant matter, the record reveals that the jury voted unanimously to convict Defendant. As such, *Ramos* does not apply. Defendant's conviction and sentence are affirmed.

## DECREE

For the foregoing reasons, Defendant's conviction and sentence are affirmed.

**AFFIRMED**

---

[4] On remand, pursuant to *Ramos*, this Court vacated the defendant's conviction as to two (2) counts of second degree murder and conspiracy to obstruct justice that was determined by a non-unanimous jury, and the respective sentences, and remanded the matter to the district court. *Johnson*, 2018-0409, p. 4, 302 So.3d at 144.